**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **LYNN MILLER and CHARLES MILLER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:22-cv-410 (MTT)** |
| | ) | |
| **CVS PHARMACY INC.,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiffs Lynn Miller and Charles Miller filed this premises liability action against Defendants CVS Pharmacy, Inc. ("CVS Pharmacy"), Georgia CVS Pharmacy, LLC ("Georgia CVS Pharmacy"), and SCP 2007-C27-019 LLC ("SCP") on October 13, 2022, in Monroe County Superior Court.  Doc. 1-1.  The defendants removed on November 18, 2022, and subsequently moved to dismiss the Millers' claims for punitive damages and attorney's fees.  Docs. 1; 4.  The Court granted the defendants' motion on May 16, 2023, and dismissed those claims without prejudice.  Doc. 11.  Defendants CVS Pharmacy and Georgia CVS Pharmacy timely answered and are defending the case. Docs. 10; 13.  Defendant SCP, however, did not and is now in default.  Doc. 17.  The Millers now move for default judgment against SCP.  Doc. 21.

Generally speaking, a Court may enter a default judgment against a party for failure to plead or otherwise defend a case.  *See* Fed. R. Civ. P. 55.  However, "in cases involving multiple defendants, some of whom are not in default, courts should withhold

granting a default judgment until the trial of the action on the merits against the remaining defendants." *Auto-Owners Ins. Co. v. Bailey*, 378 F. Supp. 3d 1213, 1221 (M.D. Ga. 2019); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (stating that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause [against the other defendants], would be incongruous and illegal"); *Gulf Coast Fans v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (stating that it is "sound policy" that "judgment should not be entered against a defaulting defendant if the other [similarly situated or jointly liable] defendant prevails on the merits.").  Accordingly, the Millers' motion for default judgment (Doc. 21) is **DENIED without prejudice**.  The Millers may renew their motion if and when it is appropriate to do so.

SO ORDERED, this 9th day of August, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT