IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LYNN MILLER and CHARLES MILLER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-410 (MTT) ) |
| CVS PHARMACY INC., *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

Plaintiffs Lynn Miller and Charles Miller filed this premises liability action against Defendants CVS Pharmacy, Inc. ("CVS Pharmacy"), Georgia CVS Pharmacy, LLC ("Georgia CVS Pharmacy"), and SCP 2007-C27-019 LLC ("SCP") on October 13, 2022, in Monroe County Superior Court.[1]  Doc. 1-1.  On November 28, 2022, Huff, Powell & Bailey, LLC ("HPB") entered an appearance as counsel on behalf of *all three defendants* when they removed the case to this Court.  Doc. 1.  The Court subsequently granted a motion filed on behalf of all three defendants and dismissed the Millers' claims for punitive damages and attorney fees.  Docs. 4; 11.  HPB Attorney Taylor Tribble filed answers on behalf of CVS Pharmacy and Georgia CVS Pharmacy, but not on behalf of SCP.  Doc. 13.  SCP is now in default and moves to set aside its default.

---

[1] The parties have since agreed to voluntarily dismiss CVS Pharmacy Inc. and agree that Georgia CVS Pharmacy is the proper defendant to answer for the plaintiffs' alleged injuries.

Docs. 17; 27.  For the following reasons, the Court finds good cause to set aside default and SCP's motion (Doc. 27) is **GRANTED**.

## I. BACKGROUND

This action stems from personal injuries sustained by Lynn Miller when she fell and broke her ankle after stepping on a pothole while exiting her vehicle in the parking lot of CVS Pharmacy in Forsyth, Georgia.  Doc. 1-1.  The Millers allege that the defendants negligently maintained the CVS parking lot by failing to discover, warn of, and remedy the pothole.  *Id.*  CVS leases the property from SCP.  Doc. 27-1.  Under the lease agreement between CVS and SCP, CVS is solely responsible for maintaining the property where the incident occurred.  Docs. 27 at 2; 27-1 at 4-5.

SCP was served through its registered agent on October 19, 2022.  *See* Doc. 36-1.  On October 21, 2022, SCP's corporate lawyer emailed "an unknown and unmanned CVS email address" asking CVS to confirm that it "will defend, indemnify and hold harmless" SCP in this case, pursuant to its lease.  Docs. 27 at 2-3; 27-4.  Although HPB entered an appearance and filed pleadings on SCP's behalf, CVS did not respond to the email, and SCP's corporate lawyer made no attempt to follow up.  Doc. 27 at 2-3; *see* Docs. 1 at 6 (signed "Counsel for Defendants CVS Pharmacy, Georgia CVS Pharmacy, and SCP"); 2 at 3 (same); 3 at 3 (same).  SCP ultimately failed to file an answer and is now in default.  Doc. 17.  On August 9, 2023, the Millers moved for default judgment against SCP, which the Court denied, pending a resolution on the merits against the remaining defendants.  Docs. 21; 22.  Five days later, HPB emailed SCP's corporate lawyer about the Millers' request, and they exchanged several items of correspondence regarding the tender of SCP's defense to CVS.  Doc. 27-3.  HPB accepted SCP's

tender on January 16, 2024, and, on January 18, 2024, moved to set aside SCP's default.  Doc. 27 at 3.

## II. DISCUSSION

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Absent final judgment, SCP is "entitled to have [its] motion … considered under the 'good cause' standard applicable to setting aside a default rather than under the 'more rigorous,' 'excusable neglect' standard."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014).  "Good cause" is a flexible, "mutable standard"—"but no so elastic as to be devoid of substance."  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  When deciding if good cause exists, courts may consider, but are not limited to, factors such as the willfulness of the default, "whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  *Sundy v. Friendship Pavilion Acquisition Co., LLC*, 807 F. App'x 977, 983 (11th Cir. 2020) (quoting *Compania Interamericana*, 88 F.3d at 951).  Whether the defaulting party acted promptly to correct the default is an additional factor that courts may consider.  *Compania Interamericana*, 88 F.3d at 951 (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir.1992)).[2]  "[I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana*, 88 F.3d at 951–52.  "[W]hen a litigant has been given ample

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful." *Id.* at 952.

SCP argues there is good cause to set aside default because SCP's conduct was not willful, the Millers will not be prejudiced as a result, and SCP presents a meritorious defense.  Docs. 27; 39.  The Court agrees.

First, the failure to file an answer was not the result of willful neglect or bad faith *by SCP* but rather due to the mistakes of defense counsel.  Docs. 39 at 8; 67 at 2.  The resolution of this motion has been complicated by defense counsel's failure to take any responsibility for her actions.[3]  But it would be unfair to punish SCP for the lawyer's mistakes—especially when it seems that SCP would not otherwise be subject to liability for the Millers' claims.  *See* Doc. 27-1.  Second, setting aside the default will not unduly prejudice the Millers.  Although the Millers argue they will be prejudiced by the need to reopen discovery and explore SCP's defense(s)—i.e., that SCP is an out of possession landlord[4]—the opportunity to reopen discovery will enable the Millers to properly

---

[3] Taylor Tribble is and has been counsel of record for SCP since November 28, 2022.  Doc. 1.  Specifically, she removed the case to this Court and represented that SCP consented to the removal.  *See id.* at 2 ("*SCP … hereby remove[s] the above action to this Court.*") (emphasis added).  In doing so, Tribble further represented that SCP denied the Millers' allegations.  *Id.* at 5 ("CVS Pharmacy, and SCP deny the allegations contained in the Plaintiffs' Complaint.").  Tribble then made corporate and jurisdictional disclosures on SCP's behalf.  Docs. 2 at 1 ("SCP … submit[s] this Corporate Disclosure Statement."); 3 at 1 ("SCP … submit[s] this Jurisdictional Statement.").  Finally, Tribble moved to partially dismiss claims against SCP.  Doc. 4 at 1 ("SCP … hereby move[s] to dismiss Counts III and IV of the Complaint.").

Asked to explain, Tribble said all her actions were "administrative oversights."  Doc. 67 at 4-6.  That makes no sense.

[4] Under O.C.G.A. § 44-7-14, a landlord that has fully parted with possession and the right of possession of the premises is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant, except for damages arising from defective construction or damages arising from the failure to keep the premises in repair.  *Williams v. Kasulka Props.*, LP, 370 Ga. App. 653, 653, 898 S.E.2d 843, 846 (2024) ("The Code section expressly limits the potential liability of out-of-possession landlords to these two sets of circumstances.").

disclose evidence related to Lynn Miller's recent June 5, 2024 surgery, if necessary. Doc. 48 at 6-7.  The defendants currently seek to exclude evidence related to this surgery based on nondisclosure during the discovery period.[5]  Doc. 60.  In any event, it is unlikely that plaintiffs will pursue further discovery.  SCP asserts a meritorious defense based on its lease agreement with CVS, which places the duty to maintain the premises solely on CVS.  Docs. 27; 27-1; *see Pajaro v. S. Ga. Bank*, 339 Ga. App. 334, 337-38, 793 S.E.2d 209, 212 (2016) (collecting cases).

In short, setting aside default will simply allow this litigation to proceed on its merits and avoid unnecessary confusion at trial as well as any potential bias that could arise from trying the case with a defaulting defendant.  Accordingly, because setting aside default promotes judicial efficiency and fairness to all parties, SCP's motion to set aside default (Doc. 27) is **GRANTED on the condition that CVS confirms that under the lease agreement it alone is responsible for maintaining the premises, including the parking lot, at all times material to the plaintiffs' claims**.  If any party believes that additional discovery is necessary, they shall file a motion to reopen discovery no later than **July 22, 2024**.

**SO ORDERED**, this 17th day of July, 2024.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[5] Dr. Leland McCluskey operated on Lynn Miller on June 5, 2024.  If the defendants wish, they may convene Dr. McCluskey's discovery deposition.  The plaintiffs shall promptly schedule Dr. McCluskey's deposition for use at trial.